# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **CASE NO.: 1:19-cr-130** |
| | : | |
| Plaintiff, | : | |
| | : | **S U P E R S E D I N G** |
| v. | : | **I N D I C T M E N T** |
| | : | |
| | : | |
| JOSE DANIEL ZAZUETA- | : | 18 U.S.C. § 2 |
| HERNANDEZ, A.K.A. JESUS | : | 18 U.S.C § 922(g)(1) |
| BOJORQUEZ, A.K.A. "DANY" (1) | : | 18 U.S.C. § 924(a)(2) |
| | : | 18 U.S.C. § 1956(a)(1)(A)(i) |
| DERRICK BRYANT (2) | : | 18 U.S.C. § 1956(h) |
| | : | 21 U.S.C. § 841(a)(1) |
| DANIEL SIMMONS (3) | : | 21 U.S.C. § 841(b)(1)(A)(ii) |
| | : | 21 U.S.C. § 841(b)(1)(A)(vi) |
| WILLIAM F. GRAHAM, III (4) | : | 21 U.S.C. § 841(b)(1)(B)(viii) |
| | : | 21 U.S.C. § 841(C) |
| CARLOS FLORES-INZUNZA (5) | : | 21 U.S.C. § 846 |
| | : | 21 U.S.C. § 856(a)(1) |
| JOSE TOQUILLAS-FELIX (6) | : | 31 U.S.C. § 5324(b) |
| | : | 31 U.S.C. § 5331 |
| LASHONE ISOM (7) | : | |
| | : | |
| MAURICE JACKSON (8) | : | **NOTICE OF FORFEITURE** |
| | : | |
| DANIEL MONTEZ BLAINE (9) | : | |
| | : | |
| FRANCISCO CASIQUE (10) | : | |
| | : | |
| RAYMOND JAMES EDWARDS, JR. (11) | : | |
| | : | |
| CHRISTOPHER ENGLE (12) | : | |
| | : | |
| RADEE GARRETT (13) | : | |
| | : | |
| CARL RENA GILBERT (14) | : | |
| | : | |
| CARDALE A. GOENS (15) | : | |
| | : | |
| AYMAN ANIS AL HAJJEH (16) | : | |

|  | : |
| --- | --- |
| **XINGHUI LIN (17)** | : |
|  | : |
| **FRANCES ALEXIA MERCADO (18)** | : |
|  | : |
| **KYMYATTA OATIS (19)** | : |
|  | : |
| **ERNESTO RINCON (20)** | : |
|  | : |
| **ANDRE ROBINSON (21)** | : |
|  | : |
| **JOEL SALCEDO (22)** | : |
|  | : |
| **ROBERT SMITH (23)** | : |
|  | : |
| **CHRISTOPHER WILLIAM TALLEY (24)** | : |
|  | : |
| **DONALD THOMPSON (25)** | : |
|  | : |
| **VILMA VIDAL-FLORES (26)** | : |
|  | : |
| **HAROLD LAMAR WALKER (27)** | : |
|  | : |
| **STEFAN WALKER (28)** | : |
|  | : |
| **MIN WANG (29)** | : |
|  | : |
| **NICHOLAS WHITE (30)** | : |
|  | : |
| **BRANDON TERRELL WILLIS (31)** | : |
|  | : |
| **MAURICE RINGWOOD (32)** | : |
|  | : |
| **IVAN COURTNEY JOHNSON (33)** | : |
|  | : |
| **VYACHESLAV MINYALO A.K.A. "SLAVIK" (34)** | : |
|  | : |
| **DEWAYNE LAMONT WALKER (35)** | : |
|  | : |
| **YOSI ILOUZ (36)** | : |
|  | : |

**BRADY CUNNINGHAM (37)**                    :
                                             :
**MUSTAPHA AIT MOUHA A.K.A.**                :
**"ADAM" (38)**                              :
                                             :
**TRI-STATE JEWELERS, A.K.A. TSJ**           :
**JEWELERS, INC. (39)**

**Defendants.**

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
**(Narcotics Conspiracy)**

Beginning on or about or about March 1, 2016, the exact date being unknown and continuing up to and including November 14, 2019, the exact date being unknown, within the Southern District of Ohio, and elsewhere, the defendants, **JOSE DANIEL ZAZUETA-HERNANDEZ, A.K.A. JESUS BOJORQUEZ, A.K.A. "DANY"; DERRICK BRYANT; DANIEL SIMMONS; WILLIAM F. GRAHAM, III; CARLOS FLORES-INZUNZA; JOSE TOQUILLAS-FELIX; LASHONE ISOM; MAURICE JACKSON; DANIEL MONTEZ BLAINE; FRANCISCO CASIQUE; RAYMOND JAMES EDWARDS, JR.; CHRISTOPHER ENGLE; RADEE GARRETT; CARL RENA GILBERT; CARDALE A. GOENS; FRANCES ALEXIA MERCADO; KYMYATTA OATIS; ERNESTO RINCON; ANDRE ROBINSON; JOEL SALCEDO; ROBERT SMITH; CHRISTOPHER WILLIAM TALLEY; DONALD THOMPSON; VILMA VIDAL-FLORES; HAROLD LAMAR WALKER; STEFAN WALKER; NICHOLAS WHITE; BRANDON TERRELL WILLIS; MAURICE RINGWOOD; IVAN COURTNEY JOHNSON; BRADY CUNNINGHAM;** and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to possess with intent to distribute and to distribute mixtures and substances containing a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, the

amount of said mixture and substance was 5 kilograms or more, and substances containing fentanyl, a Schedule II controlled substance, the amount of said mixture and substance was 400 grams or more, and substances containing methamphetamine, a Schedule II controlled substance, the amount of said mixture and substance was 500 grams or more, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(vi)(viii) and 841(b)(1)(C).

**All in violation of 21 U.S.C. § 846.**

### COUNT TWO
**(Distribution and Possession with Intent to Distribute a Controlled Substance)**

On or about October 24, 2019, within the Southern District of Ohio, and elsewhere, the defendant, **LASHONE ISOM**, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine and fentanyl, Schedule II controlled substances.

**In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.**

### COUNT THREE
**(Distribution and Possession with Intent to Distribute a Controlled Substance)**

On or about October 24, 2019, within the Southern District of Ohio, and elsewhere, the defendant, **MAURICE JACKSON**, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, the amount of said mixture and substance was 500 grams or more.

**In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2.**

### COUNT FOUR
**(Distribution and Possession with Intent to Distribute a Controlled Substance)**

On or about October 24, 2019, within the Southern District of Ohio, and elsewhere, the defendant, **WILLIAM F. GRAHAM, III**, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, the amount of said mixture and substance was 5 kilograms or more.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 18 U.S.C. § 2.

### COUNT FIVE
**(Distribution and Possession with Intent to Distribute a Controlled Substance)**

On or about October 24, 2019, within the Southern District of Ohio, and elsewhere, the defendant, **CARLOS FLORES INZUNZA**, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, the amount of said mixture and substance was 400 grams or more.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and 18 U.S.C. § 2.

### COUNT SIX
**(Distribution and Possession with Intent to Distribute a Controlled Substance)**

On or about October 24, 2019, within the Southern District of Ohio, and elsewhere, the defendant, **DANIEL SIMMONS**, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

### COUNT SEVEN
**(Distribution and Possession with Intent to Distribute a Controlled Substance)**

On or about November 14, 2019, within the Southern District of Ohio, and elsewhere, the defendant, **RADEE GARRETT**, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and fentanyl, a Schedule I controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

### COUNT EIGHT
**(Distribution and Possession with Intent to Distribute a Controlled Substance)**

On or about November 14, 2019, within the Southern District of Ohio, and elsewhere, the defendant, **CARL RENA GILBERT**, did knowingly and intentionally possess with the intent to

distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.**

## COUNT NINE
### (Possession by a Prohibited Person)

On or about October 24, 2019, in the Southern District of Ohio, the defendant, **LASHONE ISOM**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, that is, a Glock 22, 40 caliber handgun bearing serial number BTX116 and ammunition, and the firearm and ammunition were in and affecting interstate and foreign commerce.

**In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).**

## COUNT TEN
### (Possession by a Prohibited Person)

On or about October 24, 2019, in the Southern District of Ohio, the defendant, **DANIEL SIMMONS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, that is, a SCCY, CPX-1, 9mm semi-automatic handgun bearing Serial Number 655747 and ammunition, and the firearm and ammunition were in and affecting interstate and foreign commerce.

**In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).**

## COUNT ELEVEN
### (Possession by a Prohibited Person)

On or about November 14, 2019, in the Southern District of Ohio, the defendant, **RADEE GARRETT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, that is, a Smith and Wesson, 9 mm M&P 9C, semi-automatic handgun bearing serial number HBF7974 and a Kahr Arms, .40 caliber CT40 semi-automatic handgun bearing serial number AAA1196 and

ammunition, and the firearms and ammunition were in and affecting interstate and foreign commerce.

**In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).**

## COUNT TWELVE
**(Possession by a Prohibited Person)**

On or about November 14, 2019, in the Southern District of Ohio, the defendant, **CARL RENA GILBERT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, that is, a Smith and Wesson .44 magnum revolver model 29-2 bearing Serial Number N68052; a Mossberg .22 caliber rifle model international T-15-T bearing Serial Number ELC3358029, with magazine containing .22 caliber rounds; a Mossberg 12 gauge shotgun model 500A bearing Serial Number K372317; a Davis Industries .32 caliber handgun model .32 caliber bearing Serial Number 430286 plus a plastic bag containing 6 rounds; and a box containing .22 caliber ammunition, a box containing .44 magnum ammunition, and a box containing 12 gauge shotgun shells, and the firearms and ammunition were in and affecting interstate and foreign commerce.

**In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).**

## COUNT THIRTEEN
**(Possession by a Prohibited Person)**

On or about November 14, 2019, in the Southern District of Ohio, the defendant, **RAYMOND JAMES EDWARDS, JR.**, who had been convicted of a misdemeanor crime of domestic violence, to wit: on or about August 27, 2019 RAYMOND JAMES EDWARDS, JR. was convicted of Domestic Violence, an M4 misdemeanor, in Hamilton County (OH) Municipal Court, did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a Llama (Gabilondo & CIA) Micro Max, .32 caliber pistol, bearing serial number 71-04-6310-00; a Smith & Wesson 12 Airweight, .38 caliber revolver, bearing serial number CYP1970; a Heritage Mfg. Inc. Rough Rider, .22 caliber revolver, bearing serial number HR17207; a Smith & Wesson

M&P 15, .223 caliber rifle, bearing serial number Su44489; a New England Firearms Unknown Type Receiver/Frame, bearing serial number NK399; a Charter Arms AR7 Explorer, .22 caliber rifle, bearing serial number A254345; a Herters rifle, no serial number; and 106 rounds of assorted ammunition, said firearms and ammunition having been shipped and transported in interstate and foreign commerce.

**In violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).**

## COUNT FOURTEEN
### (Operating a drug involved premises)

Beginning on or about or about April 1, 2019, the exact date being unknown and continuing up to and including October 24, 2019, within the Southern District of Ohio, and elsewhere, the defendants, **CARLOS FLORES-INZUNZA and JOSE TOQUILLAS-FELIX**, with others known and unknown to the grand jury, did knowingly and willfully open, lease, rent, use or maintain any place; to wit: 5617 Prosser Avenue, Cincinnati, Ohio, 45216 whether permanently or temporarily for the purpose of distributing a controlled substance.

**In violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.**

## COUNT FIFTEEN
### (Operating a drug involved premises)

Beginning on or about or about April 1, 2019, the exact date being unknown and continuing up to and including October 24, 2019, within the Southern District of Ohio, and elsewhere, the defendant, **WILLIAM F. GRAHAM, III**, with others known and unknown to the grand jury, did knowingly and willfully open, lease, rent, use or maintain any place; to wit: 3059 Glenmore Ave # 3, Cincinnati, Ohio, 45238 whether permanently or temporarily for the purpose of distributing a controlled substance.

**In violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.**

### COUNT SIXTEEN
#### (Money Laundering Conspiracy)
### Introduction – the businesses

**Tri-State Jewelers, Inc. a.k.a. TSJ Jewelers, Inc. (hereafter "TRI-STATE JEWELERS")** was incorporated on or about August 2, 2015 in the State of Ohio. The contact person, authorized representative and register agent is listed as **VYACHESLAV MINYAYLO a.k.a. "SLAVIK,"** with an address of 630 Race Street, Cincinnati, OH 45202. **YOSSI "JOE" ILOUZ** is a United States citizen who has been running and managing **TRI-STATE JEWELERS** since at least 2014. Tri-State Jewelers has a business account with PNC Bank, account ending in 5259, which lists 630 Race Street, Cincinnati, OH as the place of business with **VYACHESLAV MINYAYLO a.k.a. "SLAVIK"** as the signor of the account, which was opened on or about July 24, 2015.

Nationwide Automotive Group, Inc. (a.k.a. Nationwide) was incorporated on or about May 14, 2012 in the State of Ohio. **VYACHESLAV MINYAYLO a.k.a. "SLAVIK"** was listed as the incorporator with an address of 5200 Dixie Hwy., Fairfield, OH 45214. On or about February 5, 2018, Amendments to Articles of Incorporation were filed with the Ohio Secretary of State listing **MINYAYLO** as the Vice President of Nationwide and informing the State of Ohio that Nationwide had relocated to 7725 Vine Street, Cincinnati Ohio. **DEWAYNE WALKER** is a United States citizen who manages Nationwide. Nationwide has a business account with PNC Bank, account ending in 0821, which lists 7725 Vine Street, Cincinnati OH as the place of business with **MINYAYLO** as one of the signors, and which was opened on or about May 11, 2012.

Dixie Imports, Inc. was incorporated on or about May 14, 2010 in the State of Ohio. **MUSTAPHA AIT MOUHA a.k.a. "ADAM"** was listed as the incorporator and owner with an address of 4597 Dixie Highway, Fairfield, Ohio 45014. On July 24, 2012, an Amendment to the

Articles of Incorporation was filed with the State of Ohio declaring that sole ownership of Dixie Imports was **MUSTAPHA AIT MOUHA, a.k.a. "ADAM"** effective July 23, 2012.

In 2010 a bank account *0320 for Dixie Imports, Inc was created at First Financial Bank listing a business address of 4597 Dixie Highway, Fairfield, Ohio 45014.

### The Conspiracy

Beginning in or about September 2018, and continuing up to September 20, 2019, in the Southern District of Ohio, defendants **VYACHESLAV MINYAYLO a.k.a. "SLAVIK", TRI-STATE JEWELERS, DEWAYNE WALKER, YOSI ILOUZ, JOSE DANIEL ZAZUETA-HERNANDEZ, A.K.A. JESUS BOJORQUEZ, A.K.A. "DANY", XINGHUI LIN, AYMAN HAJJEH, CARLOS FLORES-INZUNZA, MIN WANG, and MUSTAPHA AIT MOUHA a.k.a. "ADAM"** did knowingly, intentionally, and unlawfully conspire to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is narcotics trafficking, with the intent to promote the carrying on of specified unlawful activity, to wit: the sale or distribution of controlled substances as defined in the Controlled Substances Act and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and did knowingly, intentionally, and unlawfully conspire to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of the aforementioned specified unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(3).

### The Goal of the Conspiracy

It was a goal of the conspiracy that **VYACHESLAV MINYAYLO a.k.a. "SLAVIK", TRI-STATE JEWELERS, DEWAYNE WALKER, YOSI ILOUZ, JOSE DANIEL ZAZUETA-HERNANDEZ, A.K.A. JESUS BOJORQUEZ, A.K.A. "DANY", XINGHUI LIN, AYMAN HAJJEH, CARLOS FLORES-INZUNZA, MIN WANG, MUSTAPHA AIT**

**MOUHA a.k.a. "ADAM"** and others, would launder illegal proceeds/profits from illegal narcotics trafficking, by knowingly conducting and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, narcotics trafficking, with the intent to promote the carrying on of specified unlawful activity, to wit: the sale or distribution of controlled substances as defined in the Controlled Substances Act and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

## Manner and Means to Accomplish the Conspiracy

It was a part of the conspiracy that **VYACHESLAV MINYAYLO a.k.a. "SLAVIK", TRI-STATE JEWELERS, DEWAYNE WALKER, YOSI ILOUZ, and MUSTAPHA AIT MOUHA a.k.a. "ADAM"** would make and/or accept cash payments for goods which was used for their personal use, and for the use and benefit of members of illegal narcotics organizations, including, but not limited to the BRYANT DTO, and which furthered the illegal narcotics distribution activities.

It was further part of the conspiracy that members of the conspiracy would take and keep stored at Tri-State Jewelrers and Nationwide Automotive amounts of United States currency known to be derived from the sale of narcotics.

It was further part of the conspiracy that **JOSE DANIEL ZAZUETA-HERNANDEZ, A.K.A. JESUS BOJORQUEZ, A.K.A. "DANY", XINGHUI LIN, AYMAN HAJJEH, CARLOS FLORES-INZUNZA, and MIN WANG** and others working on behalf of them and others, would conceal the monies earned from the sale of controlled substances (hereafter referred to as drug proceeds) in the greater Cincinnati, Ohio area in various bags and/or packages to transport the illegal proceeds via interstate commerce to and from the Cincinnati, Ohio area, among other places.

It was further part of the conspiracy that **JOSE DANIEL ZAZUETA-HERNANDEZ, A.K.A. JESUS BOJORQUEZ, A.K.A. "DANY", VYACHESLAV MINYAYLO a.k.a. "SLAVIK", TRI-STATE JEWELERS, DEWAYNE WALKER, YOSI ILOUZ, XINGHUI LIN, AYMAN ANIS AL HAJJEH, CARLOS FLORES-INZUNZA, MIN WANG, and MUSTAPHA AIT MOUHA a.k.a. "ADAM"** committed the following acts:

1. On or about May 2, 2019, **ILOUZ**, while acting in his management capacity with Tri-State Jewelers, accepted $1,400 in United States currency for the purchase of a diamond pendant necklace.

2. On or about June 12, 2019, **MINYAYLO a.k.a. "SLAVIK"**, while acting in his capacity as owner of **TRI-STATE JEWELERS**, accepted $15,000 in United States currency for the purchase of a diamond ring.

3. On or about July 1, 2019, **MINYAYLO a.k.a. "SLAVIK"**, while acting in his capacity as owner of **TRI-STATE JEWELERS**, accepted $4,000 in United States currency for the purchase of a diamond ring.

4. On or about July 30 2019, **WALKER**, while acting in his capacity as manager of Nationwide Auto, accepted $38,800 in United States currency for the purchase of an automobile.

5. Between approximately December 2018 up through and including April, 2019, and beyond, **MINYAYLO a.k.a. "SLAVIK" and ILOUZ** took and agreed to store, at least temporarily, at **TRI-STATE JEWELERS** United States currency in the amount of approximately $2,500,000.00

6. Between approximately November 2018 up through and including April, 2019, and beyond, **MINYAYLO a.k.a. "SLAVIK" and WALKER** took and agreed to store, at least temporarily, at Nationwide Automotive United States currency in the amount of $800,000.00.

7. On or about August 7, 2019, **ZAZEUTA-HERNANDEZ** provided $59,960 in United States currency to **LIN** who then provided the currency to **AL HAJJEH** for the purpose of transferring the currency to another location.

8. On or about September 20, 2019, **ZAZEUTA-HERNANDEZ** provided $79,980 in United States currency to **FLORES-INZUNZA** who then provided the currency to **WANG** for the purpose of transferring the money to another location.

9. On or about January 11, 2019, **MUSTAPHA AIT MOUHA, a.k.a. "ADAM"**, while acting as owner of Dixie Imports, Inc, accepted at least $53,613 in United States currency from **BRYANT** for the purchase of an automobile.

10. On or about May 18, 2019, **MUSTAPHA AIT MOUHA, a.k.a. "ADAM"**, while acting as owner of Dixie Imports, Inc, accepted at least $48,413 in United States currency from **BRYANT** for the purchase of an automobile.

**All in violation of 18 U.S.C. § 1956(h).**

**COUNT SEVENTEEN**
**(Money Laundering)**

On or about the dates set forth below, in the Southern District of Ohio, defendants **JOSE DANIEL ZAZUETA-HERNANDEZ, A.K.A. JESUS BOJORQUEZ, A.K.A. "DANY", XINGHUI LIN, and AYMAN ANIS AL HAJJEH** did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce as described below, which involved the proceeds of a specified unlawful activity, that is, narcotics trafficking, with the intent to promote the carrying on of specified unlawful activity, to wit: the sale or distribution of controlled substances as defined in the Controlled Substances Act and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|

| 12 | 08/07/2019 | **ZAZUETA-HERNANDEZ** provided $59,960 in United States currency to **LIN** who then provided the currency to **AL HAJJEH** for the purpose of transferring the money to another location. |

**All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.**

## COUNTS EIGHTEEN
### (Money Laundering)

On or about the dates set forth below, in the Southern District of Ohio, defendant(s) **JOSE DANIEL ZAZUETA-HERNANDEZ, A.K.A. JESUS BOJORQUEZ, A.K.A. "DANY", CARLOS FLORES-INZUNZA and MIN WANG**, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce as described below, which involved the proceeds of a specified unlawful activity, that is, narcotics trafficking, with the intent to promote the carrying on of specified unlawful activity, to wit: the sale or distribution of controlled substances as defined in the Controlled Substances Act and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 13 | 09/20/2019 | **ZAZUETA-HERNANDEZ** provided $79,980 in United States currency to **FLORES-INZUNZA** who then provided the currency to **WANG** for the purpose of transferring the money to another location. |

**All in violation of 18 U.S.C. § § 1956(a)(1)(A)(i) and 2.**

## COUNT NINETEEN
### (Failure to File Reports Related to Currency)

### Introduction

At all times relevant to this Count:

Tri-State Jewelers was a nonfinancial trade or business within the meaning of Title 31, United States Code, Sections 5331 and 5324(b), and the regulations issued thereunder.

Title 31, United States Code, Section 5331, and the regulations issued thereunder, required that each nonfinancial trade or business that, in the course of such trade or business, received more than $10,000 in coins or currency in one transaction or two or more related transactions, file a report with the Financial Crimes Enforcement Network.

Defendant VYACHESLAV MINYAYLO a.k.a. "SLAVIK", was the authorized representative and statutory agent of Tri-State Jewelers and was duly authorized to act on the company's behalf in matters of sales and receipt of proceeds from sales of jewelry.

### The Offense Conduct

In or around June 2019, in the Southern District of Ohio and elsewhere, defendant **VYACHESLAV MINYAYLO a.k.a. "SLAVIK",** did knowingly and willfully and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5331, and the regulations issued thereunder, cause a nonfinancial trade or business, namely Tri-State Jewelers to fail to file a report required under Title 31, United States Code, Section 5331, in connection with the receipt by Tri-State Jewelers of United States currency in amounts over $10,000.

**All in violation of 31 U.S.C. § § 5324(b) and 5331 and 18 U.S.C. § 2.**

### COUNT TWENTY
**(Failure to File Reports Related to Currency)**

### Introduction

At all times relevant to this Count:

Nationwide Automotive Group, Inc. was a nonfinancial trade or business within the meaning of Title 31, United States Code, Sections 5331 and 5324(b), and the regulations issued thereunder.

Title 31, United States Code, Section 5331, and the regulations issued thereunder, required that each nonfinancial trade or business that, in the course of such trade or business, received more

than $10,000 in coins or currency in one transaction or two or more related transactions, file a report with the Financial Crimes Enforcement Network.

Defendant **DEWAYNE WALKER**, was the manager and employee of Nationwide Automotive Group, Inc. and was duly authorized to act on the company's behalf in matters of sales and receipt of proceeds from sales of automobiles.

### The Offense Conduct

In or around July 2019, in the Southern District of Ohio and elsewhere, defendant, **DEWAYNE WALKER**, did knowingly and willfully and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5331, and the regulations issued thereunder, cause a nonfinancial trade or business, namely Nationwide Automotive Group, Inc., to fail to file a report required under Title 31, United States Code, Section 5331, in connection with the receipt by Nationwide Automotive Group, Inc. of United States currency in amounts over $10,000.

**All in violation of 31 U.S.C. § § 5324(b) and 5331 and 18 U.S.C. § 2.**

### FORFEITURE ALLEGATION ONE

Upon conviction of one or more of the offenses set forth in Counts 1 through 8 and 14 through 15 of this Superseding Indictment, the defendants, **JOSE DANIEL ZAZUETA-HERNANDEZ, A.K.A. JESUS BOJORQUEZ, A.K.A. "DANY"; DERRICK BRYANT; DANIEL SIMMONS; WILLIAM F. GRAHAM, III; CARLOS FLORES-INZUNZA; JOSE TOQUILLAS-FELIX; LASHONE ISOM; MAURICE JACKSON; DANIEL MONTEZ BLAINE; FRANCISCO CASIQUE; RAYMOND JAMES EDWARDS, JR.; CHRISTOPHER ENGLE; RADEE GARRETT; CARL RENA GILBERT; CARDALE A. GOENS; FRANCES ALEXIA MERCADO; KYMYATTA OATIS; ERNESTO RINCON; ANDRE ROBINSON; JOEL SALCEDO; ROBERT SMITH; CHRISTOPHTER WILLIAM TALLEY; DONALD THOMPSON; VILMA VIDAL-FLORES; HAROLD LAMAR WALKER; STEFAN WALKER; NICHOLAS WHITE; BRANDON TERRELL**

**WILLIS; MAURICE RINGWOOD; IVAN COURTNEY JOHNSON; and BRADY CUNNINGHAM**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s), including but not limited to:

a)   A sum of money equal to the amount of proceeds the defendants obtained as a result of the offense(s);

b)   Real property known and numbered as 9812 Beech Drive, Cincinnati, Hamilton County, Ohio 45231, with all appurtenances, attachments and improvements attached thereto, legally described as:

Situate in Section 16, Town 3, Entire Range 1, Springfield Township, Hamilton County, Ohio and being all of Lot No. 166 of The Meadows of Wright Farm, Phase III, recorded in Registered Land Plat Book 83, pages 33 through 35 of the Records of the Hamilton County, Ohio Recorder's Office.

The foregoing general warranty covenants are subject to the Declaration of Covenants, Easements, Conditions and Restrictions for Wright Farm Estates as recorded in Official Record Book 9175, page 3641 and re-recorded in Official Record Book 9193, page 2439 of the records of the Hamilton County, Ohio Recorder; non-delinquent real property taxes, non-delinquent installments of assessments, existing easements, conditions and restrictions of record.

More commonly known as: 9812 Beech Drive, Cincinnati, Ohio 45231
Record Owner: Derrick Bryant Revocable Living Trust
Parcel Id: 590-0171-0066-00;

c)   Real property known and numbered as 1515 Gelhot Drive, Fairfield, Butler County, Ohio 45014, with all appurtenances, attachments and improvements attached thereto, legally described as:

Situated in the City of Fairfield, County of Butler, and the State of Ohio. Being Unit Number 164 of Rolling Meadows Condominiums, Phase XV and being Registered Land Certificate #3102 in the Recorder's Office of Butler County, Ohio.

Be the same more or less, but subject to all legal highways.
SAVE AND EXCEPT easements and restrictions of record, zoning ordinances, real estate taxes and assessments, if any, prorated to the date of this deed.

Street address of property: 1515 Gelhot Drive, Unit 164, Fairfield, Ohio 45014
Record Owner: Derrick Bryant
Butler County Parcel Number: A0700-217-000-215;

d)    Real property known and numbered as 4336 Green Pastures Way, Ellenwood, Dekalb County, Georgia 30294, with all appurtenances, attachments and improvements attached thereto, legally described as:

All that tract or parcel of land lying and being in Land Lot 1, 15th District, DeKalb County, State of Georgia, being Lot 5 of the River Vista Estates Subdivision, Phase 3, as per plat recorded in Plat Book 187, pages 2-13, DeKalb County Records, said plat being incorporated herein and made a part hereof by reference.

Street address of property: 4336 Green Pastures Way, Ellenwood, Georgia 30294
Record Owner: Golden Homes Investments, LLC
Dekalb County Parcel Number: 15-001-01-044;

e)    Real property known and numbered as 3641 Cumberland Drive, Hamilton, Fairfield Township, Butler County, Ohio 45011, with all appurtenances, attachments and improvements attached thereto, legally described as:

Situated in Sections 15 and 16, Town 2, Range 3, Fairfield Township, Butler County, Ohio, and being more particularly described as follows:

Being all of Lot(s) Number Eight Thousand Two Hundred Sixty Two (8262) of Rentschler Estates, Section One, as recorded in Plat Book 3810, Pages A-C of the Butler County, Ohio records.

Street address of property: 3641 Cumberland Drive, Hamilton, Ohio 45011
Record Owner: Radee Garrett and Chastity Williams
Butler County Parcel Number: A0300162000011;

f)    $79,980.00 in U.S. Currency seized from Min Wang on 9/20/19;

g)    $14,168.00 in U.S. Currency seized from Lashone Isom on 10/24/19;

h)    $5,367.00 in U.S. Currency seized from Daniel Simmons on 10/24/19;

i)    $2,780.00 in U.S. Currency seized from William Graham III on 10/24/19;

j)    $41,000.00 in U.S. Currency seized from Latoya Robinson on 10/24/19;

k)    $104,520.00 in U.S. Currency seized from Arlisha Howard on 10/25/19;

l)    $13,600.00 in U.S. Currency seized from Jose Luis Toquillas-Felix on 10/24/19;

m)    $50,208.00 in U.S. Currency seized from Maurice Jackson on 10/24/19;

n)    $26,195.00 in U. S. Currency seized from Radee Garrett on 11/14/19;

o)    $18,008.00 in U. S. Currency seized from Radee Garrett on 9/5/19;

p)      2017 Black GMC Sierra truck, model Denali HD, VIN WDDUG8FB0FA108843, with all attachments thereon, seized from Derrick Bryant;

q)      2015 Black Mercedes sedan, model S550 "4matic", VIN WDDUG8FB0FA108843, with all attachments thereon, seized from Derrick Bryant;

r)      2007 Gold Toyota Camry, VIN 4T1BK46K07U503142, with all attachments thereon, seized from Carlos Flores-Inzunza;

s)      2016 Red Mercedes G Wagon, VIN WDCYC7DF4GX254114, with all attachments thereon, seized from Derrick Bryant;

t)      2013 Black BMW X6, VIN 5UXFG2C56DL783322, with all attachments thereon, seized from Lashone Isom;

u)      2014 Brown Toyota Tundra, VIN 5TFAW5F11EX346086, with all attachments thereon, seized from Radee Garrett;

v)      2017 Black Hyundai Genesis G90, VIN KMHG54JH4HU026001, with all attachments thereon, seized from Radee Garrett;

w)      Assorted Jewelry seized from Derrick Bryant at 9812 Beech Drive, Cincinnati, Ohio 45231;

x)      Assorted Jewelry seized from Radee Garrett at 3641 Cumberland Drive, Hamilton, Ohio 45011;

y)      A German Sports Gun (GSG), .22 long rifle, bearing serial number A302605, with any attachments and ammunition;

z)      A Llama, 45 caliber handgun, bearing serial number C1995, with any attachments and ammunition;

aa)     A Smith and Wesson .44 magnum revolver, model 29-2 bearing serial number N68052 with any attachments and ammunition;

bb)     A Mossberg .22 rifle model international T-15-T, bearing serial number ELC3358029, with any attachments and ammunition, including a magazine containing .22 caliber rounds;

cc)     A Mossberg 12 gauge shotgun, model 500A, bearing serial number K372371 with any attachments and ammunition;

dd)     A Davis Industries .32 caliber handgun, model .32 caliber, bearing serial number 430286 with any attachments and ammunition, including a plastic bag containing 6 rounds; and

ee) A box containing .22 caliber ammunition, a box containing .44 magnum ammunition, and a box containing 12 gauge shotgun shells.

## FORFEITURE ALLEGATION TWO

Upon conviction of one or more of the offenses set forth in Counts 1, 2 and/or 6 through 13 of this Superseding Indictment, the defendants, **LASHONE ISOM; DANIEL SIMMONS; RADEE GARRETT; CARL RENA GILBERT; and RAYMOND JAMES EDWARDS, JR.**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s), including but not limited to, the firearms and ammunition listed in Forfeiture Allegation 1.

## FORFEITURE ALLEGATION THREE

Upon conviction of one or more of the offenses set forth in Counts 16 through 18 of this Superseding Indictment, the defendants, **VYACHESLAV MINYAYLO a.k.a. "SLAVIK"; TRI-STATE JEWELERS; DEWAYNE WALKER; YOSI ILOUZ; JOSE DANIEL ZAZUETA-HERNANDEZ, A.K.A. JESUS BOJORQUEZ, A.K.A. "DANY"; XINGHUI LIN; AYMAN ANIS AL HAJJEH; CARLOS FLORES-INZUNZA; MIN WANG; and MUSTAPHA AIT MOUHA a.k.a. "ADAM"**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense(s), and any property traceable to such property, including but not limited to:

a) A sum of money equal to the amount of money involved in the offenses;

b) $79,980.00 in U.S. Currency seized from Min Wang on 9/20/19;

c) $5,077.00 in U.S. Currency seized from Tri-State Jewelers on 11/14/19;

d) Contents of PNC Bank Account Number xxxx0821 in the name of Nationwide Automotive Group;

e) Contents of PNC Bank Account Number xxxx5259 in the name of TSJ Jewelers, Inc. DBA Tri-State Jewelers, Inc.; and

f) Assorted Jewelry seized from Tri-State Jewelry at 630 Race Street, Cincinnati, Ohio 45202.

**SUBSTITUTE ASSETS**

If any of the property described in the Forfeiture Allegations above, as a result of any act or omission of the defendants:

a)      cannot be located upon the exercise of due diligence;

b)      has been transferred or sold to, or deposited with, a third party;

c)      has been placed beyond the jurisdiction of the court;

d)      has been substantially diminished in value; or

e)      has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), or as incorporated by 18 U.S.C. § 982(b)(1) or 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above, including but not limited to:

a)      Real Property known and numbered as 2782 Queen City Avenue, Cincinnati, Hamilton County, Ohio 45238, with all appurtenances, attachments and improvements attached thereto, legally described as:

Situated in the County of Hamilton, in the State of Ohio and in the Township of Green:
Beginning in the Northeasterly line of Queen City Avenue at a point which is South 62°30" East, 265.00 feet from the intersection of said Northeasterly line with the East line of Dunaway Avenue; thence continuing South 62° 30" East along the Northeasterly line of Queen City Avenue, 56.66 feet to a point; thence North 27' 59' 30" East at right angles to Queen City Avenue, 185.49 feet to a point; thence North 58° 38' 40" West, 56.76 feet to a point; thence South 27°59'30" West 188.82 feet to the point of beginning.

More commonly known as: 2782 Queen City Avenue, Cincinnati, Ohio 45238
Record Owner: Golden Homes Investments LLC
Parcel Id: 208-0067-0047-00; and

b)      Real Property known and numbered as 9457 Ridgemoor Avenue, Cincinnati, Hamilton County, Ohio 45231, with all appurtenances, attachments and improvements attached thereto, legally described as:

SITUATE IN SECTION 3, TOWN 2, ENTIRE RANGE 1, MIAMI PURCHASE, COLERAIN TOWNSHIP, HAMILTON COUNTY, OHIO, AND BEING ALL OF

LOT NO. 296 OF COMPTON ESTATES SUBDIVISION, BLOCK "B", PART 4, A PLAT OF WHICH IS RECORDED IN PLAT BOOK 93, PAGES 75 AND 76 OF THE HAMILTON COUNTY, OHIO RECORDS

More commonly known as: 9457 Ridgemoor Avenue, Cincinnati, Ohio 45231
Record Owner: Derrick Bryant Revocable Living Trust
Parcel Id: 510-0051-0479-00.

A True Bill.

/S/

Grand Jury Foreperson

DAVID M. DeVILLERS
UNITED STATES ATTORNEY

CHRISTY L. MUNCY
Assistant United States Attorney
Organized Crime Drug Enforcement Task Force